**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 31, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RAUL EDWARD VARELA,

Defendant-Appellant.

No. 06-2085
(D.C. No. CR-05-2012-RB)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **BRISCOE**, and **MURPHY**, Circuit Judges.

Defendant Raul Edward Varela pled guilty, pursuant to a plea agreement, to possession with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). The district court sentenced him to eighty-four months' imprisonment and four years' supervised release. Although his sentence fell beneath the statutory maximum and the plea agreement waived

---

[*]       After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

any right to appeal a sentence within the statutory maximum, Mr. Varela filed this appeal. Thereafter, the government moved to enforce the plea agreement under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). Mr. Varela, who is proceeding pro se,[1] opposes the motion for the following reasons: (1) he should have received a lesser sentence because he played only a minor role; (2) he did not knowingly, intelligently, and voluntarily plead guilty; (3) his counsel was ineffective; and (4) he never had an opportunity to fully review the presentence investigation report. As discussed below, we grant the government's motion to enforce and dismiss the appeal.

In *Hahn*, this court held that "in reviewing appeals brought after a defendant has entered into an appeal waiver" this court will determine "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325. A miscarriage of justice will result if (1) "the district court relied on an impermissible factor such as race"; (2) "ineffective assistance of

---

[1] Although Mr. Varela was represented by retained counsel during his district court proceedings, he filed a pro se notice of appeal. On July 18, 2006, he filed a letter with this court setting forth his opposition to the government's motion to enforce the plea agreement. We construe this letter as a response to the motion to enforce. Because Mr. Varela proceeds pro se, we liberally construe his appellate filing. *See Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

counsel in connection with the negotiation of the waiver renders the waiver invalid"; (3) "the sentence exceeds the statutory maximum"; or (4) "the waiver is otherwise unlawful." *Id.* at 1327 (quotation omitted). Applying the three-part *Hahn* test, we conclude that Mr. Varela's waiver is valid and should be enforced.

## SCOPE OF WAIVER

The plea agreement language encompasses Mr. Varela's argument that he was entitled to a two-to-four-level deduction under U.S.S.G. § 3B1.2 because he allegedly played a minor role in the crime. Mr. Varela "knowingly waive[d] the right to appeal . . . any sentence within the statutory maximum authorized by law." Plea Agreement at 4-5. His sentence of eighty-four months' imprisonment falls within the statutory maximum of forty years' imprisonment. Furthermore, no promise was made that Mr. Varela would receive a two-to-four-level deduction for playing a minor role. Rather, he agreed not to seek any adjustment of the offense level determined by the district court. *Id.* at 3; *see also* Plea Hr'g Tr. at 21.

## KNOWING AND VOLUNTARY WAIVER

With respect to the second part of the *Hahn* test, Mr. Varela argues that he did not knowingly, intelligently, and voluntarily waive his appellate rights because he never had an opportunity to review all of the facts of his case or all of the aspects of his plea agreement. In determining whether Mr. Varela's waiver of his right to appeal was made knowingly and voluntarily, we consider "whether the

-3-

language of the plea agreement states that [he] entered the agreement knowingly and voluntarily" and whether there is "an adequate Federal Rule of Civil Procedure 11 colloquy." *Hahn*, 359 F.3d at 1325. Mr. Varela bears the "burden to present evidence from the record establishing that he did not understand the waiver." *Id.* at 1329 (quotation omitted).

Mr. Varela fails to meet his burden. He fails to set forth the facts of his case or the aspects of the plea agreement he did not have an opportunity to review. And he presents no record evidence showing that he did not understand the waiver. *See id.* Both the plea agreement and the plea colloquy establish that the plea was knowing and voluntary. The plea agreement states that Mr. Varela freely and voluntarily entered into the plea agreement. Plea Agreement at 5. The agreement also states that he had "thoroughly reviewed all aspects of this case" with counsel, and he was "fully satisfied with [counsel's] representation." *Id.* at 1. Likewise, at the plea colloquy, Mr. Varela indicated that he understood the charge against him and the elements and allegations set forth in the indictment, that he understood the maximum penalty, that he had discussed the case fully with his attorney, that he understood the plea agreement and had discussed it with his attorney, that he had had sufficient time to discuss the case with his attorney and his attorney has answered all of his questions to his satifaction, that he voluntarily signed the plea agreement, that his plea at the hearing was voluntary, and that he knowingly waived his right to appeal his sentence so long as it was within the

statutory maximum. Plea Hr'g at 9-12, 14-19, 23-24. Additionally, at the plea hearing, the prosecutor recited the facts of the case, and Mr. Varela stated that those facts were true. *Id.* at 27-28. We therefore conclude that Mr. Varela knowingly and voluntarily waived his appellate rights.

## MISCARRIAGE OF JUSTICE

Lastly, we consider the final part of the *Hahn* test: whether enforcing the waiver will result in a miscarriage of justice. Mr. Varela first argues that his counsel was ineffective because counsel misled him by telling him that he would receive a sentence of sixty-three month's imprisonment. At the plea colloquy, however, Mr. Varela indicated that he understood that no promises had been made concerning the length of his sentence, that his attorney could only give a best guess regarding the length of the sentence, that the judge would decide the actual sentence, and that he could get a more severe sentence than he thought he would. *Id.* at 18, 19-20. Also, the plea agreement states that no promises or representations were made by anyone regarding what sentence the district court would impose. Plea Agreement at 5. Mr. Varela therefore has not shown ineffective assistance of counsel rendering the waiver invalid.

We construe Mr. Varela's remaining argument, that he never received an opportunity to fully review the presentence investigation report, as an assertion that the waiver was "otherwise unlawful." *See Hahn*, 359 F.3d at 1327 (quotation omitted). For an "otherwise unlawful" waiver, the error must seriously affect the

fairness, integrity, or public reputation of judicial proceedings. *See United States v. Olano*, 507 U.S. 725, 732 (1993); *Hahn*, 359 F.3d at 1327. After reviewing the appellate filings and the record on appeal, we conclude that Mr. Varela has not met his burden of persuading us that the waiver is unlawful. *See United States v. Maldonado*, 410 F.3d 1231, 1233 (10th Cir.) (per curiam), *cert. denied*, 126 S. Ct. 577 (2005). The plea agreement made clear that Mr. Varela faced a possible maximum sentence of forty years' imprisonment and that he was giving up his constitutional and appellate rights. Also, the sentence complied with the terms of the plea agreement and with Mr. Varela's understanding of the plea. *See id.* at 1234. Additionally, defense counsel represented at the sentencing hearing that he had reviewed the presentence investigation report with Mr. Varela and that the report was accurate. Sentencing Hr'g Tr. at 2. Mr. Varela had an opportunity to speak at the sentencing hearing, but he made no mention of the report. We therefore conclude that Mr. Varela failed to show any error affecting the fairness, integrity, or public reputation of his judicial proceedings. *See Olano*, 507 U.S. at 732; *Hahn*, 359 F.3d at 1327.

We GRANT the government's motion to enforce the plea agreement and DISMISS the appeal. In light of our decision, we DENY Mr. Varela's request for appointment of counsel as moot. The mandate shall issue forthwith.

ENTERED FOR THE COURT

PER CURIAM