F I L E D
United States Court of Appeals
Tenth Circuit

June 14, 2005

PATRICK FISHER
Clerk

PUBLISH

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

OSCAR MALDONADO,

Defendant-Appellant.

No. 04-3134

Appeal from the United States District Court
for the District of Kansas
(D.C. No. 03-CR-20076-CM)

Robert S. Streepy, Assistant United States Attorney, District of Kansas, Kansas City, Kansas, appearing for Plaintiff-Appellee.

Howard A. Pincus, Assistant Federal Public Defender, appearing for Defendant-Appellant.

Before **TACHA** , Chief Judge, **HENRY** and **LUCERO** , Circuit Judges.

**PER CURIAM**

This matter is before the court on the government's motion to enforce the plea agreement and the defendant's response thereto. We grant the

government's motion and dismiss the appeal.

The defendant pled guilty to a two-count indictment charging him with distribution of cocaine and possession of a firearm in furtherance of a drug trafficking offense.[1]  The plea agreement contains the following waiver of appellate rights:

> Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence.  The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed.  By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court.  The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)] and a motion brought under Title 18, U.S.C. § 3582(c)(2).  In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court.  However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver

---

[1]  The defendant does not challenge his conviction or the sentence imposed for the firearm offense.

2

and may appeal the sentence received as authorized
by Title 18, U.S.C. § 3742(a).

Plea Agreement, at p. 4-5.

The agreement also recognizes the possible use of relevant conduct by the district court to calculate the guideline range. However, the parties left open the question of the amount of cocaine involved and reserved the right to present evidence to the court regarding quantity.

At the sentencing hearing, the court heard testimony on quantity. The government presented evidence that the defendant had offered to sell a confidential informant a kilo, in addition to the 27 grams he admitted selling. The defendant testified that he was only bragging to impress the confidential informant and that he had no way to obtain that much cocaine. The district court agreed with the government that the additional kilo should be taken into consideration in calculating the defendant's sentence. The resulting guideline range was 70 to 87 months. The judge sentenced the defendant to the low end of the range, 70 months.

Under *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004),

> the court of appeals, in reviewing appeals brought
> after a defendant has entered into an appeal waiver,
> determine[s]: (1) whether the disputed appeal falls
> within the scope of the waiver of appellate rights;
> (2) whether the defendant knowingly and
> voluntarily waived his appellate rights; and (3)

whether enforcing the waiver would result in a
miscarriage of justice as we define herein.

Miscarriage of justice results where: 1) "the district court relied on an impermissible factor such as race;" 2) "ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid;" 3) "the sentence exceeds the statutory maximum;" or 4) "the waiver is otherwise unlawful." *Id.*, at 1327. To satisfy the last factor, "'the error [must] seriously affect[] the fairness, integrity or public reputation of judicial proceedings.'" *Id.* (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993)).

The defendant makes two claims under the *Hahn* miscarriage of justice inquiry: that the sentence exceeds the statutory maximum as defined by *Blakely v. Washington*, 124 U.S. 2531 (2004);[2] and that, because the facts found by the judge under a preponderance of the evidence standard more than doubled his drug sentence, the *Blakely/Booker* error seriously affects the "fairness, integrity or public reputation of judicial proceedings." He argues that if the court had used only the amount he

---

[2] Raising *Blakely* is sufficient to raise issues under *United States v. Booker*, 125 S.Ct. 738 (2005). *See United States v. Clifton*, 406 F.3d 1175, n. 1 (10th Cir. 2005) (This court "must apply the holdings in *Blakely* and *Booker* to all cases in which a defendant properly raised an issue under either case.").

admitted, the statutory maximum for the drug offense would be 33 months. These arguments are without merit.

This court held in *United States v. Porter*, 405 F.3d 1136, 1144 (10th Cir. 2005), that "statutory maximum" for purposes of *Hahn* does not have the same meaning as that given by the Court in *Blakely* and extended to the sentencing guidelines by *United States v. Booker*, 125 S.Ct. 738 (2005). "'[S]tatutory maximum' under the *Hahn* miscarriage of justice inquiry refers to the statute of conviction." *See also United States v. Green*, 405 F.3d 1180, 1193-94 (10th Cir. 2005) ("Moreover, using the *Blakely/Booker* definition of 'statutory maximum' in interpreting *Hahn* would be improper because doing so would render it virtually impossible for a defendant to waive his or her Sixth Amendment *Booker* rights. After all, if we were to use the *Blakely/Booker* definition of 'statutory maximum' in interpreting *Hahn*, a defendant could appeal his or her sentence, alleging a constitutional *Booker* error (or *Blakely* challenge), and raise that issue regardless of a general waiver of appellate rights in the plea agreement.")

Thus, the defendant's 70-month sentence does not exceed the *Hahn* statutory maximum of 20 years.

We also reject the defendant's contention that enforcement of the waiver seriously affects the fairness, integrity or public reputation of

5

judicial proceedings. The defendant bears the burden of persuasion on this point. *Porter*, 405 F.3d at 1143. The factors we consider include whether the plea agreement stated the appropriate statutory maximum, informed the defendant that he was giving up multiple constitutional and appellate rights in exchange for concessions from the government, and implied that the sentence would be imposed in accordance with the guidelines then in effect. We also review whether the defendant's sentence conforms with the terms of the plea agreement and the defendant's understanding of the plea. *Id.,* at 1145. As in *Porter*, the sentence imposed by the district court complies with the terms of the agreement and the understanding expressed by the defendant at the plea hearing.

In addition, contrary to the defendant's argument, the mere fact that the defendant's sentence is based on judge-made findings does not seriously affect the fairness, integrity or public reputation of judicial proceedings. When a court errs by relying on judge-made findings, that is considered a "constitutional *Booker* error." *United States v. Gonzalez-Huerta*, 403 F.3d 727, 731 (10th Cir. 2005); *United States v. Mozee*, 405 F.3d 1082 (10th Cir. 2005).

> Constitutional *Booker* error, however, is unique because the remedy for such an error is not a direct cure. That is, the remedy is not to set aside the unconstitutional judicial finding and remand for a

6

> retrial at which the jury would have to find all facts needed to determine the offense level. Rather, the remedy--a remand for resentencing under a discretionary guidelines regime--only cures the error indirectly. Thus, in the instant case, the question before us is whether a reversal and remand for resentencing by the district court under a discretionary guidelines regime would advance the fairness, integrity, or public reputation of the courts.

*Id*., at 1091.

The defendant's argument that the district court would have sentenced him to a term not taking into consideration the larger amount of drugs is unconvincing. The defendant testified at the sentencing hearing that he had no intention and no way to provide the additional drugs. The court, however, found the government's evidence more persuasive.

In addition, although the court rejected the government's request to impose enhancements for obstruction of justice and for use of a minor and sentenced the defendant to the low end of the guidelines range, there is no indication that the judge would have imposed a shorter sentence.

> THE COURT: The court is ready to announce its proposed findings of fact and tentative sentence. In determining the sentence to be imposed, the court has taken into consideration the nature of the instant offense, defendant's personal history, characteristics, and criminal history. What's troubling to the court, Mr. Maldonado, is that this

7

was not the first time you appeared in a court to be sentenced. You know, you tell the court that you're sorry for what you did, but you had several other times where a court had told you stop, and you chose to continue with your lifestyle, your choices. You say you feel bad for your family who's here. Why didn't you think of your family after the first time you committed a crime?

DEFENDANT THROUGH INTERPRETER: Probably because I was too young at the time. But now that I've been locked up, I've matured a lot, and I've considered the pain and suffering that I'm putting my family through, and I want to get ahead with my life.

THE COURT: You know, it's too bad you didn't think of that before, because now you're in a position where you have some very serious sentence time that you're going to have to serve. Now the range is 70 to 87 months. Your attorney's asking for the low end. The government's gone along with that. You know, the court would hope that you don't believe that if you get the low end, that the court somehow is minimizing what you did. I mean, you committed a very serious offense. You put yourself at danger. That firearm in your – on your person, you know, how would someone else know that it didn't have any bullets in it? You know, and if you weren't telling me the truth and if you had bullets in it, what if you would have used it? this drug activity you were involved in, very dangerous. You say you care about your family. How would they feel if something happened to you or if you hurt someone else? I hope what you've said is the truth to me, and that finally at this point, you want to change what you're doing, and not put yourself in a position where you get locked up or have your family miss you for an extended period of time. The court believes that a sentence at the low end which

8

would be 70 months for Count One is appropriate. Transcript of Sentencing Hearing, 3/23/04, at pp. 42-43.

Thus, there is "no basis for us to assume that [the defendant] would receive a lesser sentence if he were resentenced under a discretionary sentencing regime in which the district court is required to 'consider' the guidelines when it exercises its discretion." *Mozee*, 405 F.3d at 1092. Accordingly, we conclude that the *Blakely/Booker* error did not seriously affect the fairness, integrity or public reputation of judicial proceedings.

The government's motion to enforce the plea agreement is **GRANTED** and this appeal is **DISMISSED**. The defendant's motion to refer the government's motion to the merits panel is **DENIED**. The mandate shall issue forthwith.