**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 24, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MICHAEL A. WILSON, JR.,

    Defendant - Appellant.

No. 04-3390
(D. Kansas)
(D.Ct. No. 03-CR-20106-GTV)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **O'BRIEN**, and **TYMKOVICH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Convicted pursuant to a guilty plea of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) (2002), Michael A. Wilson appeals his

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

sentence of sixty months imprisonment on the ground it violates *United States v. Booker,* 125 S.Ct. 738 (2005) (invalidating the mandatory nature of the federal sentencing guidelines on Sixth Amendment grounds).[1]  In its brief, the Government moves to enforce a waiver of the right to appeal included in Wilson's plea agreement.  Exercising jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a),[2] we enforce the waiver and DISMISS.

**BACKGROUND**

Charged in a two count indictment with trafficking in child pornography in violation of 18 U.S.C. § 2252(a)(1) (Count 1) and possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) (Count 2), Wilson entered a plea of guilty to Count 2 on January 20, 2004.  His plea agreement contained the following waiver of the right to appeal:

> Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence.  The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed.  By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court.  The defendant also waives any right to challenge a sentence or manner in which it was determined in any collateral attack,

[1] Wilson alleges both constitutional and non-constitutional *Booker* error.  *See United States v. Gonzalez-Huerta,* 403 F.3d 727, 731-32 (10th Cir. 2005) (en banc).

[2] *See also United States v. Hahn,* 359 F.3d 1315, 1324 (10th Cir. 2004) ("[T]his Court has both statutory and constitutional subject matter jurisdiction over appeals when a criminal defendant has waived his appellate rights in an enforceable plea agreement.").

-2-

including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 . . . . In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court. However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received as authorized by Title 18, U.S.C. § 3742(a).

(R. Vol. 1, Doc. 27 at 5-6.)

On June 24, 2004, the Supreme Court decided *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531 (2004), in which it invalidated Washington's sentencing guidelines under the Sixth Amendment. Thereafter, the parties briefed the applicability of *Blakely* to Wilson's sentencing. The court concluded *Blakely* did not apply to the federal sentencing guidelines and sentenced Wilson on September 20, 2004. This appeal followed.

**DISCUSSION**

In determining whether to enforce a waiver of the right to appeal, we apply a three-prong analysis. We examine "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice . . . ." *Hahn,* 359 F.3d at 1325. Wilson contends the waiver of his right to appeal should not be enforced because its

-3-

scope did not include a *Booker* claim,[3] it was unknowing, and to do so would result in a miscarriage of justice.

We strictly construe the scope of appellate waivers, and "any ambiguities in these agreements will be read against the Government and in favor of a defendant's appellate rights." *Id.* (internal quotation marks omitted). Wilson contends an accused cannot waive his right to have all facts relative to sentencing (under a mandatory guidelines scheme) determined by a jury beyond a reasonable doubt. However, we have recently held to the contrary. *See United States v. Green,* 405 F.3d 1180, 1189-90 (10th Cir. 2005). He next contends his waiver was unknowing because it could not possibly have included the right to appeal on the basis of the landmark holding of *Booker*, which, along with *Blakely*, post-dated the execution of his waiver.[4] This argument, too, is foreclosed by our holding in *Green*:

---

[3] On January 12, 2005, the Supreme Court decided *Booker*, in which it extended its ruling in *Blakely* to invalidate the mandatory nature of the federal sentencing guidelines on Sixth Amendment grounds. 125 S.Ct. at 746. "We must apply the holdings in *Blakely* and *Booker* to all cases in which a defendant properly raised an issue under either case." *United States v. Clifton,* 406 F.3d 1173, 1175 n.1 (10th Cir. 2005).

[4] Wilson also contends the court did not conduct an adequate Rule 11 inquiry when he entered his plea of guilty. *See* FED. R. CRIM. P. 11(b)(1) ("Before the court accepts a plea of guilty . . . the court must inform the defendant of, and determine that the defendant understands . . . (N) the terms of any plea-agreement provision waiving the right to appeal . . . ."). We construe this claim to be a sub-set of his claim that his waiver of his right to appeal was unknowing. The claim is without merit. We have carefully reviewed the record of the proceedings and conclude the district court fully complied with the requirements of Rule 11.

To the extent that Defendant might argue that the Supreme Court's decisions in *Blakely* and *Booker*, both of which were issued subsequent to his original sentencing, somehow changed the way that courts conduct and review sentencings to such an extent that Defendant's waiver of his appellate rights was not knowing and voluntary, that argument is without merit. The Supreme Court has made it clear that a defendant's decision to give up some of his rights in connection with making a plea--including the right to appeal from the judgment entered following that plea--remains voluntary and intelligent or knowing despite subsequent developments in the law.

*Id.* at 1190 (footnote omitted).

Finally, Wilson maintains enforcement of his waiver of the right to appeal would result in a miscarriage of justice, which we have defined as instances "[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful." *Hahn*, 359 F.3d at 1327 (internal quotation marks omitted). Wilson argues enforcement of his appellate waiver would result in a miscarriage of justice because his sentence exceeds the statutory maximum. Although recognizing that his sentence does not exceed the five year maximum term of imprisonment provided by statute, *see* 18 U.S.C. § 2252(b)(2) (2002), Wilson argues the statutory maximum for purposes of the *Hahn* miscarriage of justice test is "the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Blakely*, 124 S.Ct. at 2537 (emphasis omitted); *see also Booker*,

125 S.Ct. at 749 (same). Once again, we have decided otherwise. The "statutory maximum in *Hahn* refers to the upper limit of punishment that Congress has legislatively specified for the violation of a given statute." *Green*, 405 F.3d at 1194 (internal quotation marks omitted). "That *Blakely* and *Booker* take a different approach in defining statutory maximum does not undercut the conclusion that the plain meaning of the phrase was intended in *Hahn*." *Id.* at 1192 (internal quotation marks omitted).

Wilson also contends his appellate waiver is "otherwise unlawful" because his sentence was enhanced based on judicial fact-finding in violation of the constitutional holding of *Booker*. Even if this is so, in order for Wilson to prevail, the error must seriously affect the fairness, integrity or public reputation of judicial proceedings. *Hahn,* 359 F.3d at 1327 ("[T]o satisfy the fourth . . . factor--where the waiver is otherwise unlawful--the error must seriously affect the fairness, integrity or public reputation of judicial proceedings, as that test was employed in *United States v. Olano*, 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)." (internal quotation marks omitted)). It is Wilson's burden to establish this standard is met. *United States v. Maldonado,* 410 F.3d 1231, 1233 (10th Cir. 2005). In deciding whether this standard is met,

> [t]he factors we consider include whether the plea agreement stated
> the appropriate statutory maximum, informed the defendant that he
> was giving up multiple constitutional and appellate rights in
> exchange for concessions from the government, and implied that the

sentence would be imposed in accordance with the guidelines then in effect. We also review whether the defendant's sentence conforms with the terms of the plea agreement and the defendant's understanding of the plea.

*Id.* at 1234.

With the foregoing in mind, we have carefully reviewed the record of these proceedings and find no discordance between Wilson's sentence and the terms of his plea agreement. We also note that apart from raising *Blakely*, Wilson offered little challenge to the facts underpinning the PIR guideline calculations. [T]he mere fact that the defendant's sentence is based on judge-made findings does not seriously affect the fairness, integrity or public reputation of judicial proceedings." *Id.* Furthermore, there is no indication in the record the court would have imposed a more lenient sentence under a *post-Booker* discretionary guideline scheme.[5] *See id.* at 1234-35. We therefore conclude Wilson has failed to demonstrate that any constitutional *Booker* error in his sentencing seriously affected the fairness, integrity or public reputation of judicial proceedings. Consequently, his appellate waiver is not "otherwise unlawful" and its

---

[5] Employing the November 1, 2002 edition of the United States Sentencing Commission *Guidelines Manual*, the district court calculated a total offense level of 27 and a criminal history category of II, resulting in a guideline range of seventy-eight to ninety-seven months imprisonment. Wilson requested a five level downward departure, which would have placed him in a guideline range of forty-six to fifty-seven months. The court denied the motion for downward departure and imposed the statutory maximum penalty of sixty months imprisonment.

enforcement would not result in a miscarriage of justice.

**CONCLUSION**

Accordingly, we enforce Wilson's waiver of his right to appeal and DISMISS.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge