**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 11, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DAVID SILVA,

Defendant-Appellant.

No. 06-2124
(D.C. No. CR-05-595-JC)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **O'BRIEN**, and **TYMKOVICH**, Circuit Judges.

Defendant David Silva pled guilty, pursuant to a plea agreement, to three counts of possession with intent to distribute five or more grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2. The district court sentenced him to concurrent 140-month terms of imprisonment for each of the three counts. Although his sentence was within the statutory range

---

[*]    This panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

and the plea agreement waived any right to appeal a sentence within the statutory range, Mr. Silva filed this appeal. Thereafter, the government moved to enforce the plea agreement under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). Mr. Silva has responded that the motion should be denied for the reasons that (1) he did not knowingly and voluntarily agree to waive an appeal of the district court's denial of his request for an evidentiary hearing on alleged outrageous government conduct and (2) enforcing the plea agreement would result in a miscarriage of justice seriously undermining the fairness, integrity, and public reputation of judicial proceedings. As discussed below, we grant the government's motion and dismiss the appeal.

In *Hahn*, 359 F.3d at 1325, this court held that "in reviewing appeals brought after a defendant has entered into an appeal waiver" this court will determine "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." A miscarriage of justice will result if (1) "the district court relied on an impermissible factor such as race"; (2) "ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid"; (3) "the sentence exceeds the statutory maximum"; or (4) "the waiver is otherwise unlawful." *Id.* at 1327 (quotation omitted). For an "otherwise unlawful" waiver, the error must seriously affect the fairness, integrity, or public

reputation of judicial proceedings. *See United States v. Olano*, 507 U.S. 725, 732 (1993); *Hahn*, 359 F.3d at 1327.

The government's motion to enforce addresses each of the three *Hahn* prongs. Mr. Silva, however, opposes the motion only based on the second and third. Thus, we need not address the first prong.[1] *See United States v. Porter*, 405 F.3d 1136, 1143 (10th Cir.) (recognizing each *Hahn* factor need not be addressed if defendant does not make argument with respect to that factor), *cert. denied*, 126 S. Ct. 550 (2005).

## KNOWING AND VOLUNTARY WAIVER

Mr. Silva argues that he did not knowingly and voluntarily enter into the waiver, because he did not know that the district court would, at the time of sentencing, declare that it would not accept any evidence he intended to present concerning wrongdoing by government agents and he did not know that the district court would sentence him based on both his and the government agents' wrongful conduct. In determining whether Mr. Silva's waiver of his right to appeal was made knowingly and voluntarily, we consider "whether the language of the plea agreement states that [he] entered the agreement knowingly and voluntarily" and whether there is "an adequate Federal Rule of Civil Procedure 11 colloquy." *Hahn*, 359 F.3d at 1325. Mr. Silva bears the "burden to present

---

[1] In any event, it is clear that this appeal falls within the scope of the waiver of appellate rights.

evidence from the record establishing that he did not understand the waiver." *Id.* at 1329 (quotation omitted).

Mr. Silva fails to meet his burden. The plea agreement fully set forth the factual basis for the plea. It stated that he understood that the maximum term of imprisonment was from five to forty years and that there could be no prediction what sentence the district court would impose. R., Vol. 1, Doc. 66 at 2-3. The plea agreement further stated that he "knowingly waives the right to appeal any sentence within the statutory range applicable to the statute(s) of conviction." *Id.* at 7. It also provided that he

> agrees and represents that this plea of guilty is freely and voluntarily made and not the result of force or threats or of promises apart from those set forth in this plea agreement. There have been no representations or promises from anyone as to what sentence the Court will impose.

*Id.* Also, the signature section of the plea agreement provided that Mr. Silva "understand[s] the agreement and voluntarily sign[s] it." *Id.* at 9.

Likewise, at the plea colloquy, Mr. Silva indicated that he understood the rights he was waiving and the terms of the plea agreement and that he was pleading guilty voluntarily. *Id.*, Vol. III at 5-7. He stated that he had reviewed the plea agreement with his attorney and was satisfied with its terms. *Id.* at 5-6. He further indicated that he understood that his sentence would be from five to forty years' imprisonment for each count. *Id.* at 6-7. In addition, he stated that the facts set forth in the plea agreement were correct. *Id.* at 8.

Nothing in the record suggests that Mr. Silva did not knowingly and voluntarily enter into the plea agreement. He presents no record evidence showing that he did not understand the waiver. *See United States v. Edgar*, 348 F.3d 867, 872-73 (10th Cir. 2003). Although, after he pled guilty, he filed in district court a motion to strike the waiver of an appeal, he did not argue in that motion that his waiver was unknowing and involuntary.[2] The plea agreement squarely addresses the amount and type of cocaine Mr. Silva sold to the government agents. He conceded those facts and indicated an awareness of the possible punishment.

Knowledge of the specific claims of error in sentencing is not a prerequisite for a knowing waiver of the right to appeal the sentence. *Hahn*, 359 F.3d at 1326. In deciding whether a waiver is knowing and voluntary, the focus in on the "right relinquished" rather than on the "prospective result of the sentencing proceeding." *Id*. Therefore, Mr. Silva's inability to know what the district court would do at sentencing has no bearing on whether he knowingly and voluntarily entered into the waiver. Accordingly, based on the language of the plea agreement and his reaffirmation of the plea agreement's provisions during the Rule 11 colloquy, we

---

[2] After entering into the plea agreement, Mr. Silva filed a motion to modify the plea agreement, requesting that the district court strike the portion of the waiver stating that he knowingly waived his right to appeal any sentence within the applicable statutory range. He argued that the appeal waiver violated public policy and fairness concerns by precluding him from challenging on appeal the disparity in sentencing between cocaine powder and cocaine base. The district court denied the motion.

conclude Mr. Silva knowingly and voluntarily waived his right to appeal his sentence.

## MISCARRIAGE OF JUSTICE

Next, Mr. Silva argues that enforcing the waiver will result in a miscarriage of justice because the waiver is "otherwise unlawful." He maintains that the majority of his sentencing time is based on outrageous government conduct and sentencing entrapment or manipulation by government agents, who made several cocaine purchases, switched their purchases from powder cocaine to crack cocaine, and greatly increased the amounts they purchased, all solely to increase his punishment. He contends that although he was predisposed to selling small amounts of powder cocaine, the government agents entrapped him into selling larger amounts of crack cocaine, thereby subjecting him to greater punishment. Without a meaningful opportunity to challenge the government's alleged wrongful conduct, he argues that the fairness, integrity, and public reputation of judicial proceedings will be undermined.

In addition, he argues that the district court wrongly prejudged the issue concerning the agents' conduct.[3] This too, he argues, undermined the fairness, integrity, and public reputation of judicial proceedings.

In deciding whether a waiver is "otherwise unlawful," we consider, among other things, whether the plea agreement correctly stated the statutory maximum, and review whether the sentence conforms with plea agreement's terms and Mr. Silva's understanding of the plea. *See United States v. Maldonado*, 410 F.3d 1231, 1234 (10th Cir.) (per curiam), *cert. denied*, 126 S. Ct. 577 (2005). We conclude that Mr. Silva has not met his burden to persuade us that the waiver is "otherwise unlawful." *Id.* at 1233.

At the plea hearing, the district court informed Mr. Silva that he would have the right at sentencing to make a statement on his own behalf and to have his

---

[3]     In response to Mr. Silva's request for an evidentiary hearing, the district court, in part stated

> Well you can put on testimony if you want to, but I'm not going to buy it. I mean, they're just doing their job. And if your guy wants to sell crack, that's his problem. Just because they asked for it, he said, "I can get you crack," or "I can get you meth." Whatever. And they said, "We'll take either." It's kind of the end of the discussion for me.
>
> . . . .
>
> He's a drug dealer, a level V. He says he can supply anything, that he's the big guy in Bernalillo. So if he's the big guy in Bernalillo, he better be ready to take the consequences.

R., Vol. IV at 8-9.

attorney make a statement.  R., Vol. III at 9.  Defense counsel did make a statement at the sentencing hearing.  At that time, the district court noted and defense counsel agreed that there was no ambiguity about what Mr. Silva sold to the undercover agents.  Nor is there any question that Mr. Silva received a sentence less than the statutory maximum, both in accordance with the plea agreement's terms and Mr. Silva's stated understanding of the possible sentence.  Accordingly, we conclude the plea was not "otherwise unlawful."  Indeed, concerns of fairness, integrity, and public reputation favor enforcing the appellate waiver.

We GRANT the government's motion to enforce the plea agreement and DISMISS the appeal.  The mandate shall issue forthwith.

ENTERED FOR THE COURT
PER CURIAM