**F I L E D**
**United States Court of Appeals
Tenth Circuit**

**October 27, 2006**

**Elisabeth A. Shumaker
Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MARIO CORDOVA-CAZARES,
also known as Mario Guillermo
Cordova,

Defendant-Appellant.

No. 06-2063
(D.C. No. CR-05-2314-JB)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **HARTZ**, and **O'BRIEN**, Circuit Judges.

Defendant Mario Cordova-Cazares, proceeding pro se, filed a notice of

appeal from his conviction on one count of being an illegal alien who returned to

the United States subsequent to having been convicted of a felony in violation of

8 U.S.C. §§ 1326(a)(1), (a)(2) and 8 U.S.C. § 1326(b)(2).  The government has

---

[*]    This panel has determined unanimously that oral argument would not
materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral
argument.  This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

filed a motion to enforce Mr. Cordova-Cazares' plea agreement which includes an appellate waiver. We grant the motion and dismiss the appeal.

In his plea agreement, Mr. Cordova-Cazares stated that he "knowingly waives the right to appeal any sentence within the statutory range applicable to the statute(s) of conviction . . . [and] any collateral attack to the . . . conviction pursuant to 28 U.S.C. § 2255, except on the issue of ineffective assistance of counsel." Mot. to Enforce, Plea Agreement, Ex. A at 5, para. 10. The statutory maximum for the offense of conviction was twenty years, and the government stipulated in the plea agreement that Mr. Cordova-Cazares' final adjusted offense level under the sentencing guidelines would be nineteen. Mr. Cordova-Cazares was sentenced to forty-six months' imprisonment, which was within the statutory maximum for the offense of conviction and complied with the stipulation in the plea agreement.

This court will enforce a criminal defendant's waiver of his right to appeal so long as the following three elements are satisfied: (1) "the disputed appeal falls within the scope of the waiver of appellate rights," (2) the defendant's waiver of his appellate rights was knowing and voluntary, and (3) enforcing the waiver will not result in a miscarriage of justice. *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam). Mr. Cordova-Cazares'

attorney has filed a response stating that he can find no basis for an appeal of the sentence imposed, and he has moved to withdraw as counsel of record.

Mr. Cordova-Cazares objects to his attorney's position and has filed a response to the motion to enforce arguing that enforcing the appellate waiver in his plea agreement would result in a miscarriage of justice because he received ineffective assistance of counsel. Mr. Cordova-Cazares does not contest that he knowingly and voluntarily entered into the plea agreement, that the sentence was within the statutory maximum for the offense of conviction and was not imposed in violation of the law. He opposes the motion to enforce based only on the third *Hahn* factor, miscarriage of justice. Therefore, we do not address the first two *Hahn* factors. *See United States v. Porter*, 405 F.3d 1136, 1143 (10th Cir.) (declining to address *Hahn* factor not contested by defendant), *cert. denied*, 126 S. Ct. 550 (2005).[1]

> The miscarriage of justice factor requires the defendant to show:
>
> 1) the district court relied on an impermissible factor such as race; 2) ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid; 3) the sentence exceeds the statutory maximum; or 4) the waiver is otherwise

---

[1] Nevertheless, it is clear that this appeal falls within the scope of the waiver of appellate rights and that defendant's waiver of his appellate rights was knowing and voluntary.

> unlawful. To satisfy the last factor, the error must seriously affect the fairness, integrity or public reputation of judicial proceedings.

*United States v. Maldonado*, 410 F.3d 1231, 1233 (10th Cir.) (per curiam) (quotations, alterations, and citation omitted), *cert. denied*, 126 S. Ct. 577 (2005). Mr. Cordova-Cazares contends that he received ineffective assistance of counsel in connection with the negotiation of the waiver. He claims that his counsel showed him the proposed plea agreement for only a few minutes during a prison visit and failed to send him a copy of the agreement to review before the plea hearing, as he had requested. He states that, at the conclusion of his pre-sentence investigation review with the United States Probation Department, his attorney informed him that he would not be sentenced to more than thirty-seven months' imprisonment. He alleges that his attorney did not give him a chance to review the pre-sentence report (PSR), and refused to give him any documents from his case file.

During Mr. Cordova-Cazares' plea hearing, however, he informed the court that he had had enough time to read and review the plea agreement in Spanish with his attorney before signing it, that no one coerced him to plead guilty, that no promises were made to him other than those in the plea agreement, that he was voluntarily pleading guilty because he was guilty, and that he understood the rights he was waiving as a result of his plea, including his appeal waiver. Plea H'rg Tr., Oct. 31, 2005, at 5-7. Moreover, he also told the court specifically that

he understood and had discussed with his attorney the fact that the maximum period of imprisonment could be as much as twenty years. *Id*. at 6. Also, the plea agreement states that defendant was freely and voluntarily entering into the agreement and was not doing so as a result of promises apart from those set forth in the agreement. Plea Agreement at 6, para. 13.

Furthermore, at the sentencing hearing, Mr. Cordova-Cazares informed the court that he had reviewed the PSR and that there was not anything in it that he still wished to review with his counsel. Sentencing H'rg Tr., Feb. 23, 2006, at 4. His counsel informed the court that he had reviewed the PSR with defendant and, in response to questions Mr. Cordova-Cazares had about his criminal history, had obtained records from the probation officer and had them forwarded to the defendant, and that there were no further issues in dispute or objections to the PSR. *Id*. at 4. Mr. Cordova-Cazares did tell the sentencing court that he thought his sentence would be thirty-six months. His counsel explained to the court that he had done his best to answer Mr. Cordova-Cazares' questions and that he had sent defendant the records demonstrating the accuracy of the criminal history reflected in the PSR. *Id*. at 8-9. Mr. Cordova-Cazares initially told the sentencing court that the appeal waiver confused him, and that he thought he made a deal to be sentenced to thirty-six months, but after an off-the-record

conference with his attorney, he informed the court that he did understand the appeal waiver in his plea agreement. *Id*. at 12-14.

Thus, the plea agreement made clear that Mr. Cordova-Cazares faced a possible maximum sentence of twenty years' imprisonment and that he was giving up his constitutional and appellate rights. The sentence complied with the terms of the plea agreement and with Mr. Cordova-Cazares' understanding of the plea. Additionally, Mr. Cordova-Cazares represented at the plea and sentencing hearings that he had reviewed the plea agreement and the PSR with counsel and he had an opportunity to speak at both hearings, but he made no mention of his present allegations. We therefore conclude, based upon our review of the record, including the transcripts of the plea and sentencing hearings, that Mr. Cordova-Cazares has not met his burden of showing ineffective assistance of counsel in connection with the negotiation of the waiver or otherwise demonstrating that the waiver is invalid. *See United States v. Olano*, 507 U.S. 725, 732 (1993); *Hahn*, 359 F.3d at 1327. Moreover, not only is Mr. Cordova-Cazares' objection about trial counsel's performance insufficient to demonstrate a miscarriage of justice in general, to the extent that his objection survives his plea agreement waiver at all, it would not be a basis for an appeal, but rather for a possible motion for collateral relief under 28 U.S.C. § 2255. *See United States v. Delacruz-Soto*, 414 F.3d 1158, 1168 (10th Cir. 2005)

(holding that ineffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal); *see also* Plea Agreement at 5, para. 10 (stating that "defendant agrees to waive any collateral attack to the defendant's conviction pursuant to 28 U.S.C. § 2255, except on the issue of ineffective assistance of counsel.").

We GRANT the government's motion to enforce the plea agreement and DISMISS the appeal.  In light of our decision, we DENY Mr. Cordova-Cazares' request for appointment of counsel as moot, and we GRANT attorney Gleria's motion to withdraw as counsel for Mr. Cordova-Cazares.  The mandate shall issue forthwith.

ENTERED FOR THE COURT
PER CURIAM