**F I L E D**

**UNITED STATES COURT OF APPEALS**

**January 22, 2007**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ISIDRO MORENO-ROBLES,

Defendant-Appellant.

No. 06-4202
(D.C. No. 2:06-CR-136-TS)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **EBEL**, and **TMYKOVICH**, Circuit Judges.

Defendant Isidro Moreno-Robles, a native of Mexico, was removed from the United States on January 20, 2004. Despite his removal, he reentered the United States without permission from the Secretary of the Department of Homeland Security. After being found in the United States in February 2006, he

---

[*]    This panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

was charged with illegally reentering the United States as a previously removed alien in violation of 8 U.S.C. § 1326.

Mr. Moreno-Robles pled guilty to that charge. Under the terms of the plea agreement, he waived his right to appeal any sentence imposed upon him on any grounds, except that he did not waive the right to appeal any sentence imposed above the statutory maximum penalty or any sentence imposed with an upward departure from the high end of the Guidelines range. Statement by Def. in Advance of Plea of Guilty at 3-4. The agreement set forth Mr. Moreno-Robles' understanding that the statutory maximum sentence was twenty years' imprisonment. *Id.* at 1. The district court sentenced Mr. Moreno-Robles to fifty-seven months' imprisonment, which was below the statutory maximum sentence and at the low end of the sentencing Guidelines.[1] Notwithstanding the appeal waiver, he appealed. The government moved to enforce the appeal waiver under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (per curiam) (en banc). For the reasons explained below, we grant the motion and dismiss the appeal.

In *Hahn*, 359 F.3d at 1325, we held that a waiver of appellate rights will be enforced if (1) "the disputed appeal falls within the scope of the waiver of

---

[1] During the same sentencing proceeding, the district court also sentenced Mr. Moreno-Robles to a consecutive twenty-four months of imprisonment for violation of the terms of his supervised release. Change of Plea & Sentencing Tr. at 31.

appellate rights; (2) [] the defendant knowingly and voluntarily waived his appellate rights; and (3) [] enforcing the waiver would [not] result in a miscarriage of justice." Mr. Moreno-Robles concedes that his appeal falls within the scope of the waiver of appellate rights and that he knowingly and voluntarily waived those rights. We therefore need not address these two factors. *See United States v. Porter*, 405 F.3d 1136, 1143 (10th Cir.) (recognizing that court need not address each *Hahn* factor if defendant does not raise issue relating to that factor), *cert. denied*, 126 S. Ct. 550 (2005).

Mr. Moreno-Robles argues that enforcement of the plea agreement will result in a miscarriage of justice.

> Specifically, [he] . . . assert[s] that his appeal waiver should not be enforced because of the lengthy total sentence of 81 months, based on the 57 months imposed in this case and an additional 24 months due to a supervised release violation. The sentence imposed in this case was based solely upon the district court's adoption of the sentencing guideline recommendation, without significant explicit consideration of other sentencing factors listed in 18 U.S.C. § [3553],[2] including the fact discussed at the sentencing hearing, that Mr. Moreno-Robles is a single parent of three children, and returns to this country in order to earn enough to support these children.

Mem. in Opp'n to Mot. to Dismiss at 2.

The miscarriage-of-justice factor requires the defendant to show one of the following: (a) his sentence relied on an impermissible factor such as race;

---

[2] Although Mr. Moreno-Robles cites to 18 U.S.C. § 3355, we assume he means 18 U.S.C. § 3553.

(b) ineffective assistance of counsel in connection with the negotiation of the appeal waiver rendered the waiver invalid; (c) his sentence exceeded the statutory maximum; or (d) his appeal waiver was otherwise unlawful. *Hahn*, 359 F.3d at 1327. Although Mr. Moreno-Robles does not specifically identify which of these four he relies on, we assume that he is referring to the fourth category as that is the category in which his arguments best fit. For a fourth category unlawful waiver, the error must "seriously affect[] the fairness, integrity or public reputation of the judicial proceedings." See *id.* (quotation omitted).

Mr. Moreno-Robles bears the burden to persuade us that his appellate waiver is unlawful. *United States v. Maldonado*, 410 F.3d 1231, 1233 (10th Cir.) (per curiam), *cert. denied*, 126 S. Ct. 577 (2005). After reviewing the appellate filings, we conclude that he has not met his burden. His arguments concern the lawfulness of his sentence; he has not asserted any claim regarding the critical issue of whether his appeal waiver itself was unlawful. *See Porter*, 405 F.3d at 1144 ("The relevant question . . . is not whether [defendant's] sentence is unlawful . . . , but whether . . . his appeal waiver itself [is] unenforceable."); *see also Hahn*, 359 F.3d at 1326 & n.12 (discussing knowing and voluntary prong and recognizing "the logical failings of focusing on the result of a proceeding, rather than on the right relinquished, in analyzing whether an appeal waiver is unknowing or involuntary"). Nor has he shown that enforcement of the waiver

would seriously affect the fairness, integrity, or public reputation of the judicial proceedings.

Mr. Moreno-Robles received two separate consecutive sentences, one for fifty-seven months' imprisonment for the illegal-reentry conviction and one for twenty-four months' imprisonment for the violation of supervised release. *See United States v. Urcino-Sotello*, 269 F.3d 1195, 1196-97 (10th Cir. 2001) (recognizing sentences are separate); Change of Plea & Sentencing Tr. at 3 (district court's recognition that cases are separate). Only the illegal-reentry conviction is at issue in this case. Mr. Moreno-Robles' appeal waiver applies only to that conviction and does not even mention the supervised-release violation. During the plea colloquy, Mr. Moreno-Robles stated that no one had promised him anything other than what was contained in the plea agreement. Change of Plea & Sentencing Tr. at 7.

The plea agreement clearly set out the maximum sentence Mr. Moreno-Robles faced and explained the appellate rights he relinquished in exchange for the benefits offered by the government. In addition, the sentence he received for the illegal-reentry conviction complied with the terms of the plea agreement and with his expressed understanding of the plea agreement. *See Maldonado*, 410 F.3d at 1234. We therefore conclude that Mr. Moreno-Robles has failed to show any error affecting the fairness, integrity, or public reputation of his judicial proceedings. *See Hahn*, 359 F.3d at 1327.

Accordingly, we GRANT the government's motion to enforce the plea agreement and DISMISS the appeal. The mandate shall issue forthwith.

ENTERED FOR THE COURT
PER CURIAM