**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 6, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

CARLOS ROBERTO ORTEGA,
also known as BoBe,

Defendant-Appellant.

No. 07-3026
(D.C. No. 04-CR-20115-JWL)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **O'BRIEN**, **EBEL**, and **HOLMES**, Circuit Judges.

Carlos Roberto Ortega pled guilty, pursuant to a plea agreement, to three

counts of distribution of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and

(b)(1)(C) and one count of using a communication facility to facilitate a

drug-trafficking felony in violation of 21 U.S.C. § 843(b). The district court

sentenced him to 108 months' imprisonment, a sentence at the low end of the

---

[*]     This panel has determined unanimously that oral argument would not
materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral
argument. This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

guideline range determined applicable by that court. Although his plea agreement included a waiver of his right to appeal any sentence that did not depart upwards from the sentencing guideline range determined by the district court, *see* Plea Agreement at 6, Mr. Ortega filed a pro se notice of appeal. The government has moved to enforce the appeal waiver under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). We grant the motion and dismiss the appeal.

In *Hahn*, this court held that a waiver of appellate rights will be enforced if (1) "the disputed appeal falls within the scope of the waiver of appellate rights"; (2) "the defendant knowingly and voluntarily waived his appellate rights"; and (3) "enforcing the waiver would [not] result in a miscarriage of justice." 359 F.3d at 1325. A miscarriage of justice will result if (a) "the district court relied on an impermissible factor such as race"; (b) "ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid"; (c) "the sentence exceeds the statutory maximum"; or (d) "the waiver is otherwise unlawful." *Id.* at 1327 (quotation omitted). For an "otherwise unlawful" waiver, the error must seriously affect the fairness, integrity, or public reputation of the judicial proceedings. *See United States v. Olano*, 507 U.S. 725, 732 (1993); *Hahn*, 359 F.3d at 1327.

The government's motion to enforce addresses each of the three *Hahn* factors, but Mr. Ortega argues only that enforcing the appellate waiver would

-2-

result in a miscarriage of justice. We therefore only address this third factor. *See United States v. Porter*, 405 F.3d 1136, 1143 (10th Cir. 2005) (recognizing each *Hahn* factor need not be addressed if defendant does not make argument with respect to that factor).

Mr. Ortega argues in his response to the government's motion to enforce the appeal waiver that the sentence he received is a miscarriage of justice because it is greater than the sentence he expected to receive, based on his discussions with his trial attorney.[1] In his pro se notice of appeal, he challenged the reasonableness of the sentence, asserting that he pled guilty to and agreed to a sentence of forty-six to fifty-seven months of imprisonment. Mr. Ortega's arguments appear to fall within the second and fourth miscarriage-of-justice categories. We discuss each in turn.

Assuming that Mr. Ortega has asserted an ineffective assistance of counsel claim in connection with the negotiation of the appeal waiver, the claim is not a basis for an appeal, but rather only for a possible motion for collateral relief under 28 U.S.C. § 2255. *See United States v. Delacruz-Soto*, 414 F.3d 1158, 1168 (10th Cir. 2005) (holding that ineffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal). *But see also* Plea Agreement at 6 (waiving right to bring § 2255 action).

---

[1] Mr. Ortega's trial counsel has withdrawn and new counsel has been appointed by this court.

Mr. Ortega has failed to meet his burden to persuade us that his appeal waiver is unlawful. *See United States v. Maldonado*, 410 F.3d 1231, 1233 (10th Cir.) (per curiam), *cert. denied*, 126 S. Ct. 577 (2005). His argument that his sentence is too long is not an argument that "the waiver is otherwise unlawful." *Hahn*, 359 F.3d at 1327 (quotation omitted). "The relevant question . . . is not whether [his] sentence is unlawful . . . , but whether . . . his appeal waiver itself [is] unenforceable." *Porter*, 405 F.3d at 1144; *see also Hahn*, 359 F.3d at 1326 & n.12 (addressing knowing and voluntary factor and noting improperness of focusing on result of proceeding instead of on right relinquished). Allowing an alleged sentence computation error to render the waiver unlawful would nullify the waiver based on the very type of claim the waiver was intended to waive.

Mr. Ortega has failed to assert any claim that his appeal waiver itself was unlawful, and therefore has not shown that the enforcement of the waiver would seriously affect the fairness, integrity, or public reputation of the judicial proceedings. In this regard, we note that the plea agreement and plea colloquy made clear that he understood that (1) he faced a possible maximum sentence of sixty-four years' imprisonment; (2) he waived his right to appeal any sentence within the guideline range as determined by the district court; (3) the district court would determine his sentence; (4) the district court did not know at the time of the plea hearing what his sentence would be; (5) his counsel could not make

any promises or guarantees about what the sentence would be; and (6) counsel's estimate of what his sentence might be would not control. In addition, Mr. Ortega agreed not to request a sentence below the low end of the guideline range determined by the district court. Thus, the sentence he received complied with the terms of the plea agreement and with his understanding of the plea. *See Maldonado*, 410 F.3d at 1234. His objections to the reasonableness of his sentence do not establish that enforcement of his appeal waiver is unlawful. *See United States v. Montano*, 472 F.3d 1202, 1205 (10th Cir. 2007) (declining to adopt rule that appeal waiver is unenforceable where defendant did not know at time of plea agreement what sentence range would be and that resulting sentence was greater than anticipated).

The government's motion to enforce the appeal waiver is GRANTED, and the appeal is DISMISSED. The mandate shall issue forthwith.


ENTERED FOR THE COURT
PER CURIAM