**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 27, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

WILBUR D. HILST,

Defendant-Appellant.

No. 08-3127
(D.C. No. 6:07-CR-10079-WEB-1)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **EBEL**, and **HOLMES**, Circuit Judges.

---

Dr. Wilber D. Hilst pleaded guilty pursuant to a plea agreement to conspiracy to distribute controlled substances outside the course of normal medical practice in violation of 21 U.S.C. § 846 and agreed to forfeit $20,129.32 under 21 U.S.C. § 853. The district court sentenced him to thirty-three months' imprisonment. Although his sentence was within the guideline range and the plea

---

[*] This panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

agreement waived any right to appeal a sentence within that range, Dr. Hilst appealed.

The government has moved to enforce the plea agreement under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). *Hahn* held that "in reviewing appeals brought after a defendant has entered into an appeal waiver," this court will determine "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325. Because Dr. Hilst's appeal is within the scope of the appeal waiver, he waived his appellate rights knowingly and voluntarily, and enforcing the waiver would not result in a miscarriage of justice, we grant the government's motion to enforce the plea agreement.

I.

Dr. Hilst argues that his sentence exceeded the advisory guideline range and, therefore, this appeal does not fall within the scope of his waiver of appellate rights. Specifically, he asserts that the district court miscalculated the amount of drugs involved. In his plea agreement, however, Dr. Hilst stated that he

> knowingly and voluntarily waive[d] any right to appeal . . . any
> matter in connection with this prosecution, [his] conviction, or the
> components of the sentence . . . . By entering into this agreement,
> [he] knowingly waive[d] any right to appeal a sentence imposed
> which is within the guideline range determined appropriate by the

court. . . . [He] waive[d] the right to appeal the sentence imposed in this case except to the extent, if any, the court depart[ed] upwards from the applicable sentencing guideline range determined by the court.

Plea Agreement at 7. Further, Dr. Hilst "underst[ood] that the sentence to be imposed [would] be determined solely by the United States District Judge." *Id.* at 5. Dr. Hilst's arguments relate to his sentence, which was not an upward departure from the guideline range and which was within the range determined to be appropriate by the district court. Therefore, his arguments are within the scope of the appeal waiver.

## II.

Dr. Hilst also argues that the appeal waiver was not made knowingly and voluntarily. He maintains the charges against his seventy-seven year old wife, who is in poor health, along with the threat of her incarceration, coerced him to plead guilty in exchange for dismissal of the charges against her. Further, he contends that his own advanced age of seventy-six and his own ill health made him even more vulnerable to coercion.

In considering whether a defendant knowingly and voluntarily waived his appellate rights, we consider "whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily" and whether there was an adequate colloquy during the plea hearing. *Hahn*, 359 F.3d at 1325. The defendant bears the burden of proving that his plea was not knowingly and

voluntarily entered. *United States v. Edgar*, 348 F.3d 867, 872-73 (10th Cir. 2003).

Dr. Hilst failed to meet this burden. In his Petition to Enter Plea of Guilty and Order Entering Plea, Dr. Hilst represented that he had not been promised a lighter sentence or probation or other form of leniency for his guilty plea and that the sentence was solely a matter for the judge. Even though he hoped for leniency, he stated that he would accept the punishment imposed by the court. Also, he stated that he was pleading guilty freely and voluntarily.

In the plea agreement, the parties requested that Dr. Hilst's sentence be based on the guidelines and stated that they would ask the district court to impose a sentence within the guideline range determined to be appropriate by the United States Probation Department. Dr. Hilst indicated that he understood that the district court would determine the sentence to be imposed. Also, he indicated that he did not enter into the plea agreement as a result of threats, duress, or coercion and that he was freely and voluntarily pleading guilty.

Similarly, at the plea colloquy, Dr. Hilst stated that no one had promised that he would receive a lighter sentence, probation, or other leniency by pleading guilty, and, if someone had, they had no authority to do so. He also stated that he understood that the sentence he received was to be decided solely by the district court. Although he hoped to receive leniency, he stated that he was prepared to accept any punishment permitted by law that the court imposed, and that he knew

he was giving up his right to appeal his conviction and sentence. Dr. Hilst further testified that his plea was entered freely and voluntarily with a full understanding of all consequences.

Thus, nothing in the plea agreement or plea colloquy suggests that Dr. Hilst did not knowingly and voluntarily enter into the plea agreement. Indeed, no record evidence indicates that he pleaded guilty in exchange for the dropping of charges against his wife. And neither the plea agreement nor the plea colloquy even mentions Dr. Hilst's wife as a basis for the plea and neither suggests Dr. Hilst's health or age affected his ability to knowingly or voluntarily plead guilty.

### III.

Lastly, Dr. Hilst argues that enforcing the appeal waiver would result in a miscarriage of justice. A miscarriage of justice will result if (1) "the district court relied on an impermissible factor such as race"; (2) "ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid"; (3) "the sentence exceeds the statutory maximum"; or (4) "the waiver is otherwise unlawful." *Hahn*, 359 F.3d at 1327 (quotation marks omitted). Dr. Hilst focuses on the last two. He contends that his thirty-three month sentence exceeds the statutory maximum and is excessive in light of his age, his physical condition, his family obligations, and other mitigating factors.

Dr. Hilst's thirty-three month sentence does not exceed the statutory maximum of three years. The plea record clearly shows that he understood at the time of his plea that three years was the statutory maximum.

Additionally, Dr. Hilst's waiver is not otherwise unlawful. To be otherwise unlawful, "the error must seriously affect the fairness, integrity or public reputation of judicial proceedings." *Id.* at 1327 (quotation marks and brackets omitted). Dr. Hilst has not met his burden to persuade us that the waiver itself is "otherwise unlawful." *See United States v. Maldonado*, 410 F.3d 1231, 1233 (10th Cir. 2005) (per curiam).

His arguments focus on the length of his sentence. "The relevant question . . . is not whether [his] sentence is unlawful . . . , but whether . . . his appeal waiver itself [is] unenforceable." *United States v. Porter*, 405 F.3d 1136, 1144 (10th Cir. 2005). Allowing an alleged sentencing error to render the waiver unlawful would nullify the waiver based on the very type of claim the waiver was intended to waive. Thus, Dr. Hilst's objections to the length of his sentence do not establish that enforcement of his appeal waiver is unlawful. *See Hahn*, 359 F.3d at 1328 (rejecting "any notion that a defendant must know with specificity the result he forfeits before his waiver is valid"). Also, his sentence conformed to the plea agreement's terms and his understanding of the plea. *See Maldonado*, 410 F.3d at 1234.

Accordingly, we GRANT the government's motion to enforce the plea agreement and DISMISS this appeal.

ENTERED FOR THE COURT
PER CURIAM