**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 9, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MICHAEL NORRIS SCHMIDT,

Defendant-Appellant.

No. 09-3056
(D.C. No. 5:08-CR-40031-RDR-1)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **McCONNELL**, **EBEL**, and **TYMKOVICH,** Circuit Judges.

Michael Norris Schmidt pleaded guilty, pursuant to a plea agreement, to

possession of a stolen firearm in violation of 18 U.S.C. § 922(j). The district

court sentenced him to fifty-seven months' imprisonment, the low end of the

court-determined guidelines range of fifty-seven to seventy-one months'

imprisonment. Although the plea agreement included a waiver of the right to

---

[*]    This panel has determined unanimously that oral argument would not
materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral
argument. This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

appeal any sentence that did not depart upwards from the sentencing guideline range determined by the court, Mr. Schmidt nonetheless appeals his sentence, challenging the court's relevant-conduct finding that he knowingly possessed a sawed-off shotgun found in his girlfriend's house. The government has filed a motion to enforce the terms of the plea agreement under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). We grant the motion and dismiss the appeal.

In *Hahn*, we held that a waiver of appellate rights will be enforced if (1) "the disputed appeal falls within the scope of the waiver of appellate rights;" (2) "the defendant knowingly and voluntarily waived his appellate rights;" and (3) "enforcing the waiver would [not] result in a miscarriage of justice." *Id.* at 1325. As is relevant to this case, a defendant can make a showing of a miscarriage of justice if he proves that "the waiver is otherwise unlawful," such that "the error seriously affects the fairness, integrity or public reputation of judicial proceedings" *Id.* at 1327 (quotations and alterations omitted).[1]

Mr. Schmidt argues that enforcing the appeal waiver would seriously affect the fairness, integrity, or public reputation of judicial proceedings, because the district court only required the government to prove by a preponderance of the

---

[1]     Because Mr. Schmidt's arguments concern only the third *Hahn* factor, we therefore, address only this factor. *See United States v. Porter*, 405 F.3d 1136, 1143 (10th Cir. 2005) (recognizing that court need not address each *Hahn* factor if defendant does not raise issue relating to that factor).

evidence, rather than by clear and convincing evidence, the relevant conduct that he knowingly possessed a sawed-off shotgun or that it functioned as a firearm. Mr. Schmidt submits that with the sawed-off shotgun as relevant conduct the guidelines range was fifty-seven to seventy-one months, but if the district court had not rejected his argument concerning the sawed-off shotgun and found that the firearms he possessed were used only for sporting purposes, the appropriate guidelines range would have been zero to six months. In light of this alleged dramatic increase in the guidelines range, Mr. Schmidt contends that the district court should have held the government to the higher burden of proof. But he acknowledges that we have not decided whether the government's burden of proof should be higher than a preponderance of the evidence where the increase in the sentence is dramatic. *See United States v. Olsen*, 519 F.3d 1096, 1105-06 (10th Cir. 2008) (declining to decide appropriate standard of proof and noting that "we have reserved the question of whether, in some extraordinary or dramatic case, due process might require a higher standard of proof [than a preponderance of the evidence].").

We conclude that Mr. Schmidt has not shown that enforcement of the waiver would result in a miscarriage of justice "seriously affect[ing] the fairness, integrity or public reputation of judicial proceedings." *See Hahn*, 359 F.3d at 1327 (quotation marks omitted). The miscarriage of justice exception looks to whether "the waiver is otherwise unlawful," *id.*, not whether some other aspect of

the proceeding may have involved legal error. "The relevant question . . . is not whether [Mr. Schmidt's] sentence is unlawful . . . , but whether . . . his appeal waiver itself [is] unenforceable." *United States v. Porter*, 405 F.3d 1136, 1144 (10th Cir. 2005).

We conclude that Mr. Schmidt's appeal waiver is enforceable. He waived his right to assert this claim when he waived the right to appeal any "sentence imposed [that was] within the guideline range determined appropriate by the [district] court." Plea Agreement at 7; *see also id.* ("In other words, [he] waive[d] the right to appeal the sentence imposed . . . except to the extent, if any, the court depart[ed] upwards from the applicable sentencing guideline range determined by the court."). Also, the plea agreement stated that the court would decide the guidelines offense level at sentencing by a preponderance of the evidence and that the court could consider any reliable evidence. *Id.* at 3. And Mr. Schmidt "underst[oo]d that the conduct charged in any dismissed counts of the Indictment [would] be considered, as well as all other uncharged related criminal activity, as relevant conduct for purposes of calculating the offense level" under the guidelines. *Id.* at 4. Thus, the sentence he received complied with the terms of the plea agreement and with his understanding of the plea. *See United States v. Maldonado*, 410 F.3d 1231, 1234 (10th Cir. 2005) (per curiam).

Accordingly, we GRANT the government's motion to enforce the plea agreement and DISMISS the appeal.

ENTERED FOR THE COURT
PER CURIAM