**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**November 16, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

ALFREDO ARRAZOLA-CARRENO,

      Defendant-Appellant.

No. 06-5164
(D.C. No. 05-CR-117-C)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **HARTZ**, and **TYMKOVICH**, Circuit Judges.

---

The government has moved to enforce its plea agreement with defendant

Alfredo Arrazola-Carreno. Mr. Arrazola-Carreno's appointed counsel responded

that there is no good-faith basis to dispute the validity of the plea agreement.[1] At

this court's request, Mr. Arrazola-Carreno filed a pro se response arguing that his

---

[*]    This panel has determined unanimously that oral argument would not
materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral
argument. This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1]    Counsel did not, however, specifically cite to *Anders v. California*,
386 U.S. 738 (1967), or move to withdraw as counsel.

counsel was ineffective for failing to correctly advise him about his possible sentence and he should have received a lesser sentence. We grant the government's motion to enforce and dismiss the appeal.

Mr. Arrazola-Carreno pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2). He was sentenced to 105 months' imprisonment and three years' supervised release. As part of the plea agreement, he waived "the right to directly appeal the conviction and sentence pursuant to 28 U.S.C. § 1291." Plea Agreement at 3. He reserved the right to appeal any sentence exceeding the statutory maximum or to file a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence based on an ineffective-assistance-of-counsel challenge to the validity of his guilty plea or waiver. Plea Agreement at 3. Although his sentence was within the statutory maximum of ten years' imprisonment and three years' supervised release, *see id.* at 10-11, Mr. Arrazola-Carreno appealed.

The government subsequently filed a motion to enforce the waiver pursuant to *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). In *Hahn*, 359 F.3d at 1325, we held that a waiver of appellate rights will be enforced if: (1) "the disputed appeal falls within the scope of the" waiver of appellate rights; (2) "the defendant knowingly and voluntarily waived his appellate rights"; and (3) enforcement of "the waiver would result in a

miscarriage of justice." The miscarriage-of-justice factor requires the defendant

to show:

> 1) the district court relied on an impermissible factor such as race;
> 2) ineffective assistance of counsel in connection with the
> negotiation of the waiver renders the waiver invalid; 3) the sentence
> exceeds the statutory maximum; or 4) the waiver is otherwise
> unlawful. To satisfy the last factor, the error must seriously affect
> the fairness, integrity or public reputation of judicial proceedings.

*United States v. Maldonado*, 410 F.3d 1231, 1233 (10th Cir.) (per curiam)

(quotations, alterations, and citation omitted), *cert. denied*, 126 S. Ct. 577 (2005).

Because Mr. Arrazola-Carreno's arguments concern only the third *Hahn*

factor, we address only this factor. *See United States v. Porter*, 405 F.3d 1136,

1143 (10th Cir.) (recognizing that court need not address each *Hahn* factor if

defendant does not raise issue relating to that factor), *cert. denied*, 126 S. Ct. 550

(2005).

Mr. Arrazola-Carreno first argues in his pro se response that his counsel did

not accurately advise him of his possible sentence under the Guidelines.[2] *See* Pro

---

[2]     Mr. Arrazola-Carreno also states that "this is not a withdraw[a]l of my
guilt[y] plea." Pro Se Response at 2. But, in light of his further complaints about
counsel's advise and his pointing out that the sentencing transcript reflects that
both his counsel and the government thought he would receive a lighter sentence
before the pre-sentence report was prepared, *see* Sentencing Tr. at 4-5, we believe
that he is actually arguing that counsel's advise affected his decision whether to
plead guilty. And counsel concedes that "[i]t may be arguable that counsel was
ineffective in connection with the negotiation of the waiver of appeal, based on
the premise that the right to appeal was surrendered in exchange for an
unattainable benefit." Counsel's Response at 4.

Se Response at 2-3. Liberally construing Mr. Arrazola-Carreno's pro se response, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), we conclude that he has sufficiently argued ineffective assistance of counsel with respect to his plea waiver. *See Hahn*, 359 F.3d at 1327 (noting that ineffective assistance of counsel is potential basis for avoiding appeal waiver, but specifically referring to "ineffective assistance of counsel in connection with the negotiation of the appeal waiver render[ing] the waiver invalid") (quotation omitted); *see also United States v. Grammas*, 376 F.3d 433, 439 (5th Cir. 2004) (holding in § 2255 case that where legal advise to defendant underestimated maximum punishment, ineffectiveness inquiry included question whether defendant would have pled guilty if he had known of possible sentence).

Making a sufficient ineffective-assistance argument does not end our analysis of whether an appeal should be allowed to proceed, however. Typically, an objection to counsel's performance is not a basis for appeal, but, rather, must be the subject of a motion for collateral relief under § 2255. *See United States v. Delacruz-Soto*, 414 F.3d 1158, 1168 (10th Cir. 2005); *see also Hahn*, 359 F.3d at 1328 n.13 (declining to disturb long-standing rule that appellate court considers ineffective assistance of counsel claims on collateral review); *Porter*, 405 F.3d at 1144 ("This rule applies even where a defendant seeks to invalidate an appellate waiver based on ineffective assistance of counsel."). This case is no exception. The record needs further development of the ineffective assistance of counsel

argument, and we do not have the benefit of the district court's views on that issue. *See Delacruz-Soto*, 414 F.3d at 1168. We therefore decline to allow the appeal to proceed on the issue of ineffective assistance of counsel. Mr. Arrazola-Carreno must raise this issue in a proper § 2255 collateral proceeding, as the plea agreement permits him to do.

Mr. Arrazola-Carreno makes two other arguments in his pro se response to the motion to enforce, presumably arguing that errors in the district court's sentencing decision affected the fairness, integrity, or public reputation of his judicial proceedings. He argues that the district court improperly sentenced him on Count 2, which had been dismissed. Nothing in the sentencing transcript or the court's judgment, however, supports this argument.

He further argues that he "did everything by the book" and he deserved a lighter Guidelines sentence. Pro Se Response at 4. His sentence, however, was within the statutory maximum, of which he was informed. Also, the Plea Agreement informed him that the district court would consider the Guidelines, that any sentence would be determined by the district court, that any estimate of a likely sentence was merely a prediction and not a promise, that he could not withdraw his guilty plea if the court imposed any sentence up to the statutory maximum, and that the district court would be the sole decider of his sentence. Plea Agreement at 10, 12, 13. Mr. Arrazola-Carreno therefore has failed to show

any error affecting the fairness, integrity, or public reputation of his judicial proceedings. *See Hahn*, 359 F.3d at 1327.

Accordingly, we GRANT the government's motion to enforce the plea agreement and DISMISS the appeal. The mandate shall issue forthwith.

ENTERED FOR THE COURT
PER CURIAM