**UNITED STATES COURT OF APPEALS**    **January 7, 2008**

**TENTH CIRCUIT**                        **Elisabeth A. Shumaker**
                                         **Clerk of Court**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ALFREDO ARRAZOLA-CARRENO,

Defendant-Appellant.

No. 07-5137

(N.D. of Okla. )

(D.C. Nos. CV-07-362-HDC and
CR-05-117-HDC)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **HENRY**, Chief Judge, **TYMKOVICH**, and **HOLMES**, Circuit Judges.[**]

---

Alfredo Arrazola-Carreno is a federal prisoner serving a sentence of 105 months after pleading guilty to one count of unlawfully possessing a firearm under 18 U.S.C. § 922(g)(1).  We enforced his plea agreement on direct appeal in *United States v. Arrazola-Carreno*, 206 F. App'x 751 (10th Cir. 2006) (per

---

[*]  This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**]  After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal.  *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G).  The cause is therefore ordered submitted without oral argument.

curiam).  Proceeding *pro se*[1], Arrazola-Carreno now seeks a certificate of appealability (COA) to challenge the district court's denial of his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  The district court denied all six of Arrazola-Carreno's claims and dismissed his motion.

We agree Arrazola-Carreno is not entitled to relief under § 2255 and therefore DENY his request for a COA.

**I.**

In 2005, Arrazola-Carreno was indicted on two counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  Arrazola-Carreno pleaded guilty to count one in exchange for the government's dismissal of count two and support of a downward departure for Arrazola-Carreno at sentencing.  At sentencing, Arrazola-Carreno received 105-months imprisonment, three-years supervised release, and a $2,000 fine.  His prison sentence fell within the advisory guidelines range and below the statutory maximum of 10 years.

Arrazola-Carreno filed a § 2255 motion with the district court on June 28, 2007.  The district court concluded all of Arrazola-Carreno's arguments lacked merit and denied the motion.  Arrazola-Carreno now seeks a COA from this court to challenge two of the issues raised below: (1) ineffective assistance of counsel

---

[1]  Because Arrazola-Carreno proceeds *pro se,* we construe his claims liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

relating to his plea agreement and (2) lack of subject matter jurisdiction over the indictment because it was not served on him pursuant to the federal rules.

**II.**

To obtain a COA, a petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). This standard is satisfied by demonstrating "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

For substantially the same reasons as the district court, we conclude that Arrazola-Carreno has failed to make a substantial showing of the denial of a constitutional right on either of the grounds he raises in his petition.

*First*, the district court correctly concluded Arrazola-Carreno's trial counsel did not render ineffective assistance by advising him to enter into the plea agreement. Arrazola-Carreno argues he received no benefit from the agreement. By pleading guilty, however, Arrazola-Carreno received a significant benefit: the government dropped the second count and he avoided the possibility of conviction on two counts instead of only one. He obtained, moreover, the benefit of an acceptance of responsibility reduction at sentencing which he would have lost had the case proceeded to trial.

*Second*, the district court properly found Arrazola-Carreno waived reading of the indictment at arraignment in accordance with Federal Rule of Criminal Procedure 10. The trial court had jurisdiction over Arrazola-Carreno's criminal case under 18 U.S.C. § 3231. Arrazola-Carreno's argument to the contrary, relying on the Foreign Sovereign Immunities Act, is entirely frivolous.

### III.

Arrazola-Carreno's petition for a COA is DENIED.

Entered for the Court


Timothy M. Tymkovich
Circuit Judge